IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADRIAN ROBERTO RUIZ, JR. | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | Civil Action No. 2:23-00254 |
| | § | |
| CARDINAL LOGISTICS | § | |
| MANAGEMENT CORPORATION | § | |
| and DENZEL TUCKER | § | |
| HENDRICKS, JR. | § | |
| | § | |
| *Defendants.* | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE DISTRICT JUDGE OF SAID COURT:

NOW COMES Plaintiff, ADRIAN ROBERTO RUIZ, JR., and files his Original Complaint against Defendants CARDINAL LOGISTICS MANAGEMENT CORPORATION and DENZEL TUCKER HENDRICKS, JR. In support thereof, Plaintiff would respectfully show this Honorable Court as follows:

### I.
### PARTIES

1. Plaintiff, Adrian Roberto Ruiz, Jr. ("Ruiz"), is a citizen of Monte Alto, Hidalgo County, Texas.

2. Defendant, Denzel Tucker Hendricks, Jr. ("Hendricks"), is an individual and citizen of Maumelle, Pulaski County, Arkansas. Hendricks was the driver and the permissive user of the subject vehicle involved in the crash. Defendant Hendricks

may be served with process at his place of residence, 4 Yazoo Cove, Maumelle, Arkansas 72113, or wherever he may be found.

4. Defendant, Cardinal Logistics Management Corporation ("Cardinal"), is a for-profit corporation incorporated under the laws of the State of North Carolina. Its principal place of business is located at 5333 Davidson Hwy, Concord, North Carolina 28027. Cardinal is the owner of the tractor-trailer involved in the subject crash made the basis of this lawsuit and may be served process by serving its registered agent in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.
### VENUE AND JURISDICTION

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas. Specifically, the crash that creates the basis of this lawsuit occurred in Live Oak County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between Plaintiff and all Defendants, and Plaintiff seeks damages in excess of $75,000, exclusive of interests and costs.

7. This Court has specific personal jurisdiction over both Defendants because they purposely directed their activities at Texas and the litigation is the

result of injuries that arise out of and relate to those activities. In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to operate and/or cause operation of a vehicle on the roadways of Texas (Defendant Hendricks in operating the vehicle in Texas, and Cardinal in owning the subject tractor-trailer and directing such operation in Texas) and the failure to exercise ordinary care while doing so. Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with Defendants' tortious activities in Texas, and this Court's personal jurisdiction over these Defendants in this action arises from that nexus. Defendants themselves created the contacts with Texas as they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts (both substantial contacts and continuous contacts, generally and with respect to this action) with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state (e.g., Defendant Hendricks committed tortious acts in Texas for which Defendant Cardinal is vicariously liable, and it is alleged upon information and belief that Defendant Cardinal contracts with Texas residents and either party is to perform the contract in whole or in part in Texas). Based upon the direct connection between the Defendants' activities in Texas and the claims made against them as well as the minimum contacts purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with

due process. Moreover, this exercise does not offend traditional notions of fair play and substantial justice, and it is neither unfair nor unreasonable.

### III.
#### BACKGROUND FACTS

8. According to the crash report, on July 12, 2022, at roughly 2:52 p.m., Plaintiff Ruiz was lawfully and temporarily stopped on the northbound shoulder on IH-37 in Live Oak County, Texas. Plaintiff had been forced to pull over his tractor-trailer in order to address a mechanical malfunction. Defendant Hendricks, also travelling northbound on IH-37, failed to observe Plaintiff's motionless tractor-trailer, failed to maintain control or speed of his own tractor-trailer, failed to remain in his lane of travel, and swerved into Plaintiff's tractor-trailer. As a result of Defendant Hendrick's negligence, Plaintiff sustained significant bodily injuries requiring extensive medical treatment and surgical intervention.

9. At all times during the crash, Defendant Hendricks was acting in the course and scope of his employment with Cardinal. As such, Defendant Cardinal is liable for the acts and omissions of Defendant Hendricks under the doctrine of *respondeat superior*. Alternatively, Defendant Hendricks was the statutory employee of Cardinal pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1, *et seq*.

### **CAUSES OF ACTION AGAINST DEFENDANTS HENDRICKS AND CARDINAL**

### IV.
#### NEGLIGENCE AND VICARIOUS LIABILITY

10. Defendant Hendricks committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused the crash in question and Plaintiff's damages.

11. Defendant Hendricks owed a duty to Plaintiff to exercise ordinary care. Defendant Hendricks's acts and/or omissions of negligence include, without limitation, one or more of the following:

 (a) Operating a vehicle on a public roadway while failing to keep a proper lookout;

 (b) Failing to safely operate the subject tractor-trailer;

 (c) Failing to control speed;

 (d) Failing to pay attention to attendant traffic and driving conditions;

 (e) Failing to maintain his lane of travel; and

 (f) Crashing into Plaintiff.

12. Defendant Cardinal is liable for Defendant Hendricks's conduct under the doctrine of *respondeat superior*. Defendant Hendricks was employed by Defendant Cardinal as its authorized agent, servant, and/or employee on the date in question and was acting in that capacity at the time of the occurrence that gives rise to this lawsuit. Defendant Cardinal is vicariously liable for Defendant Hendricks's negligence because Defendant Hendricks was acting within his general authority and in furtherance of the business of Defendant Cardinal at the time of the crash, and for the accomplishment of the object for which he was hired, and therefore he was in the

course and scope of his employment and/or agency with Defendant Cardinal at the time of the collision.

13. Additionally and/or alternatively, Defendant Cardinal is vicariously liable as a matter of law for the negligence of Defendant Hendricks because at the time of the crash, Defendant Hendricks was a statutory employee of Defendant Cardinal pursuant to the Federal Motor Carrier Safety Regulations. *See* 49 C.F.R. § 376.1 *et seq*.

## V.
### DAMAGES

14. As a result of the subject crash, Plaintiff has suffered in the past, and will in reasonable probability suffer in the future, actual, special, incidental and/or consequential damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses. These damages were proximately caused by the negligence of the Defendants.

## VI.
### PREJUDGMENT AND POST-JUDGMENT INTEREST

15. Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VII.
### CONDITIONS PRECEDENT

16. All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed, have occurred and/or been waived.

## VIII.
### JURY DEMAND

17. Plaintiff requests a trial by jury and tenders the requisite fee.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recovers judgment of and from Defendants for his actual, special, incidental and/or consequential damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show himself to be justly entitled, whether at law or in equity.

Dated: October 6, 2023

Respectfully submitted,

WATTS GUERRA LLP
875 East Ashby Place
Suite 1200
San Antonio, Texas 78212
Telephone: (210) 447-0500
Facsimile: (210) 447-0501

By: */s/ Mark Fassold*
MIKAL C. WATTS
State Bar No. 20981820
mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV.
State Bar No. 00796684
fguerra@wattsguerra.com
MARK A.J. FASSOLD
State Bar No. 24012609
mfassold@wattsguerra.com

**ATTORNEYS FOR PLAINTIFF**